THE CHATTANOOGA, ROME AND COLUMBUS RAILROAD COM-
PANY *vs.* JONES, and *vice versa.*

The court below did not abuse its discretion in granting the injunction in this case upon the terms set out in the order.

February 18, 1888.

Injunction.   Before Judge MADDOX.   Polk county.   At chambers, January 30, 1888.

John B. Jones filed his bill in the superior court of Polk county against the Chattanooga, Rome & Columbus Rail-

road Company, alleging that he was owner of certain land in Polk county, Georgia; that defendant entered on his land and began to construct its railroad bed thereon, and forcibly proceeded with such construction in spite of the notice which he gave it to desist; that it then petitioned the sheriff of said county, stating that it and complainant could not agree upon the price to be paid for right of way through his land, and asking that the sheriff summon a jury of freeholders to assess the damages to complainant, under the provisions of its charter; that said jury assessed the damages at $800; that, in the meantime, the defendant had continued its work upon his land without his consent, etc.; and that it is still continuing such work, and refuses to pay him the amount assessed by the jury, though he has made frequent demands on it for the same. The prayer of the bill was for injunction, subpœna and general relief.

The defendant demurred to the bill on the grounds that its office and place of business were in Floyd county, Georgia, and that the court was without jurisdiction; that complainant had an adequate and complete remedy at law; and that there was no equity in complainant's bill. It answered the bill, and claimed that, not being able to agree with complainant upon the price to be paid him for right of way, it began proceedings to condemn the right of way, as set forth in the bill; that complainant became a party to said proceedings, and while they were going on, defendant continued its work upon his land in his presence and with his knowledge, and he took no steps to prevent, by law, the progress of the work; that the award of the jury was grossly excessive, and defendant had appealed therefrom; that it had expended much money in building its line of road, and if compelled to divert it and go around the land of complainant, would incur great loss; that it is willing to pay just compensation, and if the court is of opinion that it must actually pay the amount of the award before it can proceed further, it asks leave to pay

the same into court, subject to the order of the court after the appeal shall have been heard; and if the court should be of the opinion that is bound to pay the amount of the award over to complainant, it prays that complainant be required to give such bond and security as will protect it, in the event the trial of the appeal case should result in a reduction of the amount of the award.

The chancellor ordered that, upon the payment by defendant of $800 into the superior court of Polk county, said sum to remain there subject to the event of the appeal case, the restraining order theretofore granted should be dissolved, but until said payment, it should be of full force and effect; and that the clerk of the superior court of said county should pay over said sum to complainant, upon his filing bond with good security in the sum of $800, payable to defendant, and conditioned to refund to it any part of said sum that might be found due to it upon the determination of the appeal case. Both Jones and the company excepted to this order.

DABNEY & FOUCHÉ, for the company.

W. C. BUNN and I. F. THOMPSON, contra.

SIMMONS, Justice.

The court below did not abuse its discretion in granting the injunction in this case upon the terms set out in the order. We think, under the facts and circumstances alleged in the bill and answer, that the terms imposed on the complainant below and on the respondent, were proper and wise; and the judgment is affirmed both as to the original bill of exceptions and as to the cross-bill.

Judgment affirmed.